# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ORLANDO M. GUTIERREZ** | § | |
| | § | |
| **V.** | § | **A-18-CV-387-LY** |
| | § | |
| **WORKFORCE SOLUTIONS, et al.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court is Orlando M. Gutierrez's Application to Proceed *In Forma Pauperis* (Dkt. No. 4) and Financial Affidavit in Support, along with his Complaint (Dkt. No. 3). The District Court referred the above-motion to the undersigned Magistrate Judge for a determination pursuant to 28 U.S.C. § 636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

After reviewing Gutierrez's Application to Proceed *In Forma Pauperis*, the Court finds that he is indigent. Accordingly, the Court **HEREBY GRANTS** Gutierrez *in forma pauperis* status and **ORDERS** his Complaint be filed without pre-payment of fees or costs or giving security therefor pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Gutierrez is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs

of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this Court has conducted a review of the claims made in Gutierrez's Complaint and is recommending his claims be dismissed under 28 U.S.C. § 1915(e). Therefore, **service upon the Defendants should be withheld** pending the District Court's review of the recommendations made in this report. If the District Court declines to adopt the recommendations, then service should be issued at that time upon the Defendants.

## II. SECTION 1915(e)(2) FRIVOLOUSNESS REVIEW

### A. Standard of Review

Because Gutierrez has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under §1915(e)(2), which provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996); *see also Watts v. Graves*, 720 F.2d 1416, 1419 (5th Cir. 1983). In deciding whether a complaint states a claim, "[t]he court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable

inference that the [movant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

**B.    Section 1983 Claims**

Gutierrez is suing Workforce Solutions, Kathryn Noughton identified as a career counselor at Workforce Solutions, Michael Buford identified as a Work Program Manager at Workforce Solutions, and Nora Chopra identified as the Supervisor of Customer Relations at Workforce Solutions. Gutierrez asserts that his Eighth and Fourteenth Amendment rights were violated when he was not afforded sufficient service and information when he attempted to apply for "tool voucher assistance" at Workforce Solutions. Gutierrez asserts that these individuals engaged in a conspiracy to deprive him of his civil rights and requests ten million dollars in damages.

*1.    Claims Against Workforce Solutions*

Workforce Solutions has sovereign immunity to Gutierrez's claims because it is performing a state governmental function for all purposes relevant to this litigation. "The Eleventh Amendment prohibits a private citizen from bringing suit against a state in federal court unless the state consents." *Daigle v. Gulf State Utilities Company, Local Union Number 2286, et al.*, 794 F.2d 974, 980 (5th Cir.), cert. denied, 479 U.S. 1008 (1986). This includes suits against a state agency because a suit against a state agency "is a suit against the state. . . ." *Id.*

Workforce Solutions is a 501(c)(3) non-profit corporation created under § 2308.266 of the Texas Government Code. In Texas, workforce development boards like Workforce Solutions "act as arms of the state and carry out the policies established by the Texas Workforce Commission." *Alamo Workforce Dev. Inc. v. Vann*, 21 S.W.2d 428, 432-433 (Tex. App.—San Antonio 2000, no pet.). The structure of the Texas Workforce and Economic Competitiveness Act (Ch. 2308 of the Texas Government Code) tracks the training and purposes of the federal Job Training Partnership Act (29 U.S.C. § 1792). *Id.* (citing *Miss. Dep't of Econ. & Cmty Dev. v. United States Dep't of Labor*, 90 F.3d 110 (5th Cir. 1996)). The Texas Act authorizes the creation of workforce council that approves the designation of boards, such as Workforce Solutions. *Id.* These local workforce development boards exist as "distinct government entities entitled to assert immunity in their own right for performance of a government function." *Arbor E&T, LLC v. Lower Rio Grande Valley Workforce Dev. Bd., Inc.*, 476 S.W.3d 25, 34 (Tex. App.—Corpus Christi 2013, no pet.); *Ben Bolt—Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self.-Ins. Fund*, 212 S.W.3d 320, 326 (Tex. 2006). Accordingly, Plaintiff's claims against Workforce Solutions are barred by sovereign immunity, and those claims are properly dismissed.

   *2.   Claims Against Individual Employees in Their Official Capacities*

The Eleventh Amendment also "generally precludes actions against state officers in their official capacities." *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004). However, in *Ex Parte Young*, the Supreme Court created an exception for suits seeking prospective relief for violations of federal law against state officers in their official capacity. 209 U.S. 123 (1908). In the instant case, Gutierrez seeks $10,000,000.00 in compensatory damages, and does not seek injunctive relief or prospective relief. Therefore to the extent he brings claims against the named

Defendants in their official capacities, Gutierrez does not plead anything that would establish jurisdiction under the *Ex Parte Young* exception. Gutierrez's official capacity claims are also properly dismissed.

   3.  *Claims Against Noughton, Buford and Chopa in Their Individual Capacities*

  Gutierrez alleges Section 1983 claims against Noughton, Buford, and Chopa in their individual capacities. "To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994). Gutierrez claims that these three individuals violated his Eighth and Fourteenth Amendment rights "by conspiracy," when he was required to fill out various forms, asked to come back another time when a counselor was available, told the program he was applying for had additional requirements, and did not receive the assistance he required in his attempt to apply for a benefit he identifies as a "tool voucher."

  The Eighth Amendment's prohibition on "cruel and unusual punishment" protects convicted inmates from substandard conditions of confinement. *See Hare v. City of Corinth, Miss.*, 74 F.3d 633, 648-49 (5th Cir. 1996) (en banc). Since Gutierrez has failed to allege that he is a convicted prisoner subjected to confinement, the Eighth Amendment is inapplicable to his claims of substandard treatment by Workforce Solutions employees.

  With regard to Gutierrez's Fourteenth Amendment claims, Gutierrez seems to be asserting that he was denied benefits by Workforce Solutions – specifically access to a tool voucher program. The Fourteenth Amendment provides that no state shall deprive a person of life, liberty, or property without due process of law nor deny any person within its jurisdiction the equal protection of the

5

laws . U.S. Const. amend. XIV, § 1. Gutierrez does not articulate what rights were violated pursuant to the Fourteenth Amendment. The Court addresses both due process and equal protection as he can make out a claim under neither theory.

To state a cause of action under § 1983 for violation of the Due Process Clause, a plaintiff "must show that they have asserted a recognized 'liberty or property' interest within the purview of the Fourteenth Amendment, and that they were intentionally or recklessly deprived of that interest, even temporarily, under color of state law." *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990) (citations omitted), cert. denied, 498 U.S. 1040 (1991). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). Gutierrez has failed to identify any legitimate claim of entitlement to a Workforce Solutions tool voucher program. Because he has failed to identify a property or liberty interest, this claim is frivolous.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. CONST. amend. XIV, § 1). Thus, "[t]o state a claim of racial discrimination under the Equal Protection Clause and section 1983, the plaintiff 'must allege and prove that he received treatment different from that received by similarly situated individuals and that the unequal treatment stemmed from a discriminatory intent.'" *Priester v. Lowndes Cty.*, 354 F.3d 414, 424 (5th Cir. 2004). Gutierrez has failed to claim that he was treated

differently than any other individuals. Therefore, he cannot make out a Section 1983 equal protection claim and this claim also fails as frivolous.

Gutierrez has failed to allege the violation of a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Therefore, Gutierrez has failed to state a claim for relief under § 1983 and his lawsuit should be dismissed under § 1915(e)(2)(B).

Finally, the undersigned notes that this is not the first frivolous lawsuit that Gutierrez has filed. *See Gutierrez v. Austin Community College*, 1:18-CV-155-LY (W.D. Tex. 2018); *Gutierrez v. Texas Mutual Ins.*, 1:18-CVV-257-LY (W.D. Tex. 2018); *Guteirrez v. LNU*, 1:18-CV-279-LY (W.D. Tex. 2018). A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). *Id*. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Thus, if Gutierrrez continues to file meritless suits, the Court may impose sanctions. Such sanctions may include a broad injunction, barring him from filing any future actions in federal court without leave of court, as well as monetary sanctions, including denial or removal of his *in forma pauperis* status. Additionally, Gutierrez could be prohibited from filing any new lawsuits until any sanction levied against him is paid in full.

No pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 360 (5th Cir. 1986). In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act *sua sponte*

in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide him an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Accordingly, the Court **ORDERS** that, as part of any objections to this Report and Recommendation he may file, or in a separate document filed within the same 14 day time frame, Gutierrez to **SHOW CAUSE**, why he should not be barred from filing further cases in federal court.

### III. ORDERS AND RECOMMENDATIONS

In accordance with the foregoing discussion, the Court **HEREBY GRANTS** Gutierrez *in forma pauperis* status (Dkt. No. 4). Service upon Defendants should be withheld pending the District Court's review of the recommendations made in this report. The undersigned **FURTHER RECOMMENDS** that the District Court **DISMISS** Gutierrez's § 1983 lawsuit with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Lastly, the Court **RECOMMENDS** that, after considering any filing from Gutierrez showing cause, the Court consider barring Gutierrez from filing further cases in federal court without explicit permission prior to suit.

### IV. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and

8

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 1st day of June, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE